

**U.S. Department of Justice**

Civil Division

---

*Office of the Assistant Attorney General*  *Washington, DC 20044*

May 2, 2024

*By Electronic Mail*

The Honorable Kimberly Reynolds
Governor of Iowa
c/o Taryn.frideres@governor.iowa.gov

The Honorable Brenna Bird
Attorney General of Iowa
bb@ag.iowa.gov

      Re:    Iowa Senate File 2340 (SF 2340)

Dear Governor Reynolds and Attorney General Bird:

      Iowa recently enacted a law that purports to create new state crimes tied to the federal prohibition on unlawful reentry by noncitizens into the United States and to authorize state judges to order the removal of certain noncitizens from the country. The law, SF 2340, is scheduled to become effective on July 1, 2024.

      SF 2340 is preempted by federal law and violates the United States Constitution. Indeed, the Iowa law is similar to Texas Senate Bill 4, which has been preliminarily enjoined. *See United States v. Texas*, No. 1:23-CV-1537, 2024 WL 861526 (W.D. Tex. Feb. 29, 2024), *appeal pending*, No. 24-50149 (5th Cir.). The United States intends to file suit to enjoin the enforcement of SF 2340 unless Iowa agrees to refrain from enforcing the law. The United States is committed to the processing of noncitizens consistent with the Immigration and Nationality Act (INA). SF 2340 is contrary to that goal.

      "[T]he Government of the United States has broad, undoubted power over the subject of immigration and the status of" noncitizens. *Arizona v. United States*, 567 U.S. 387, 394 (2012). Indeed, Congress has established a comprehensive scheme governing the entry and removal of noncitizens, including penalties for unlawful reentry as well as grounds for removal and protections from removal consistent with U.S. obligations under international human rights and refugee laws. As the Supreme Court has confirmed, "the removal process" must be "entrusted to the discretion of the Federal Government" because a "decision on removability" touches "on foreign relations and must be made with one voice." *Id.* at 409. SF 2340 effectively creates a separate state immigration scheme by imposing state criminal penalties for violating the federal prohibition on unlawful reentry into the United States, 8 U.S.C. § 1326, and by authorizing state judges to order the removal of noncitizens from the United States. SF 2340 therefore intrudes into a field that is occupied by the federal government and is preempted.

The Hon. Kimberly Reynolds
The Hon. Brenna Bird
Page 2

SF 2340 also conflicts with various provisions of the INA.  For example, it interferes with the federal government's ability to enforce the reentry and removal provisions of the INA, and it conflicts with various provisions of federal law permitting noncitizens to seek protection from removal to avoid persecution or torture.  SF 2340 likewise improperly regulates the international movement of persons in violation of the Foreign Commerce Clause and undermines the United States' foreign relations.

This letter constitutes notice, pursuant to § 1-10.100 and § 4-6.240 of the Justice Manual, that the U.S. Department of Justice intends to bring a lawsuit to enforce the supremacy of federal law and to enjoin the enforcement of SF 2340.  If you have not confirmed by May 7, 2024, that Iowa will forbear such enforcement, the United States intends to pursue all appropriate legal remedies to ensure that Iowa does not interfere with the functions of the federal government.

Sincerely,

Brian M. Boynton
Principal Deputy Assistant Attorney General